## Latrobe Borough *v.* Austraw, Appellant.

Argued April 17, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*R. F. Mahady,* with him *Mahady & Mahady,* for appellant.

*John S. Lightcap, Jr.,* with him *A. James Hurley,* for appellee.

OPINION BY ROSS, J., July 19, 1945:

The Borough of Latrobe, Westmoreland County, Pennsylvania, filed a municipal claim against the property of Grant A. Austraw for grading, curbing and paving of Ridge Avenue in the Borough of Latrobe, upon which the property of the defendant abuts. The claim was filed on April 7, 1931, in the office of the Prothonotary of Westmoreland County; a scire facias was issued April 4, 1936, and on April 2, 1941, judgment was entered for want of appearance and answer. On August 28, 1944, a petition was filed by Austraw for rule to show cause why the aforesaid claim and revival should not be stricken from the record for the reason that it was "defective, invalid, improperly and irregularly entered and illegal on the face of the record". The answer of the

borough denied the averments in the petition to strike off. The matter was argued before the Court of Common Pleas of Westmoreland County upon the question of the sufficiency of the claim under the provisions of the Act of 1923, May 16, P. L. 207, sections 9 and 10 as amended, 53 PS sections 2029, 2030. The rule was discharged and the case came on appeal to this Court from the order of the court below refusing to strike off the municipal claim and judgment revival thereof.

Since a lien upon a municipal claim for paving is of purely statutory creation, the claim must aver upon its face all the facts necessary to sustain its validity, and unless it does so, it may be stricken off by the Court upon motion. *Philadelphia v. Richards,* 124 Pa. 303, 16 A. 802. The trial judge properly concluded that on the motion to strike off all that was before the court was the sufficiency of the lien and matters of form.

Appellant contends that the claim as filed is defective in the following particulars: (1) There is no averment as to when the work was completed; (2) nothing to show that the claim was filed within six months of completion of the work; (3) the property liened is insufficiently and inadequately described; (4) the kind and character of the work done is not shown.

An examination of the claim as filed discloses that there is no merit to appellant's first two contentions. On the face of the claim it is specifically stated that the improvement was completed on the 8th day of October, 1930, and the reverse side shows it was filed in the Prothonotary's office of Westmoreland County on April 7, 1931, or within six months of date of completion of the improvement.

The description of appellant's property is set forth in the claim as follows: "A certain lot of land situate in the Borough of Latrobe aforesaid, fronting 40 feet on the West side of Ridge Avenue, and extending back in the Westerly direction of even width to an alley". The object of the description in a municipal claim is to as-

certain the locality of the property charged and municipal claims do not require as strictly accurate descriptions as those of mechanics for work done on a particular property. *Thomas v. Northern Liberties,* 13 Pa. 117; *Allentown v. Hower,* 93 Pa. 332. The sufficiency of the description is a question of fact to be determined by a jury and not a question of law. *Schenley v. Commonwealth,* 36 Pa. 64; *Tiegel v. Love,* 61 Pa. Superior Ct. 149; *Cribbs v. McDowell,* 48 Pa. Superior Ct. 39; and could not be disposed of by a motion to strike, but should have been raised by an affidavit of defense to the scire facias issued on the lien.

The Act of May 16, 1923, P. L. 207, section 10, paragraph 7 as amended, 53 PS section 2030, provides that a municipal claim shall set forth, inter alia, "in other than tax claims, the kind and character of the work done for which the claim is filed . . .". In the case of *Allentown v. Ackerman,* 37 Pa. Superior Ct. 363, 371, this Court stated: "The materials of which the pavement was constructed are not set forth, it is true, but the statute does not require this to be done, and we are not convinced that such requirement is to be implied. It is essential, however, that the claim should show that the kind and character of the work were such as to bring it within the general class of municipal improvements, to defray the cost of which assessments may be made upon and claims therefor may be filed against abutting properties, and distinguish it from all other species of municipal improvements of the same general class. If the statute recognized different kinds of paving depending upon the materials used and its provisions relating to each kind differed from those relating to the others, it might, perhaps, have been essential to describe the materials; but in the absence of any such statutory subdivision of this species of municipal improvements, we conclude that it was not absolutely essential to go into further particulars in order to show the kind and character of the work for which the claim was filed."

Moreover, in the case at bar, the claim states that it is for the grading of Ridge Avenue from Depot Street on the north to James Street on the south "as well as the improvement of the same by the *concrete* curbing and paving of the same". (Italics supplied.)

The claim in this case complies with the Act of May 16, 1923, supra, as amended, and the order of the court below is affirmed.