New Kensington, Appellant, *v.* Gardner.

73

Argued October 1, 1952. Before STERN, STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Robert W. Smith,* with him *Harry W. Crum* and *Smith, Best & Horn,* for appellant.

*Fred B. Trescher,* with him *Kunkle & Trescher,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, December 6, 1952:

The City of New Kensington, on June 28, 1950, filed two municipal (sewer) claims against certain property located in New Kensington, Westmoreland County, Pennsylvania, owned by Kenneth M. Gardner and Edward Ross Gardner, and Nestor Debay, terre tenant and A. J. Aberman, Inc., terre tenant.

74

On August 16, 1950, Kenneth M. Gardner, Edward Ross Gardner and A. J. Aberman, Inc., filed a petition to strike off the lien in each case averring that:

(1) the lien shows on its face that the sewer is a main or carrying sewer and the City is and was without authority to assess the whole cost of such a sewer against the owners of adjoining or abutting property.

(2) the lien fails to set forth the date of completion of the sewer in front of the particular piece or pieces of property to be assessed.

(3) the lien contains no averment that the ordinance therein named authorized the assessment of the cost of laying the sewer against anyone.

(4) the lien fails to show it was filed within six months from the time the work was done in front of the particular property to be charged.

(5) the lien fails to show how the assessment was arrived at, that is, whether according to the front foot rule, the assessed valuation of property or according to benefits.

(6) the lien fails to set forth a description of the property against which it is filed, and fails to set forth an adequate description, and fails to show that the property in which it is laid is in any manner benefited.

(7) the lien fails to show that the assessment was certified to the City Treasurer.

Upon this petition, a rule to show cause why the lien should not be stricken from the record issued, and the City filed an answer denying some of the averments and as to others asserting that the data called for was not required under the statute involved. The Court made absolute the rule and from that action the plaintiff City has appealed.

We believe from a review of the record that the learned Court below erred in striking the municipal claims from the record. Such claims can be removed

only for defects apparent on their face. *Philadelphia v. Richards*, 124 Pa. 303, 16 A. 802. In an action of this character, all that is before the court is the sufficiency of the lien and the matters of form: *Latrobe Borough v. Austraw*, 157 Pa. Superior Ct. 643, 43 A. 2d 612.

The Act of May 16, 1923, P. L. 207, Section 10, as amended by the Act of April 14, 1949, P. L. 470, section 1, 53 P.S. 2030, provides that the claim of the municipality should set forth the following: "1. The name of the municipality by which filed; 2. The name of the owner of the property against which it is filed; 3. A description of the property against which it is filed; 4. The authority under or by virtue of which the tax was levied or the work was done; 5. The time for which the tax was levied, or the date on which the work was completed in front of the particular property against which the claim is filed; or the date of completion of the improvement, where the assessment is made after completion; or the date of confirmation by the court, where confirmation is required done; 6. If filed to the use of a contractor, the date of, and parties to, the contract for doing said work; and 7. In other than tax claims, the kind and character of the work done for which the claim is filed, and, if the work be such as to require previous notice to the owner to do it, when and how such notice was given."

Contrary to the contentions of the appellees the act does not require that the lien declare the date of the completion of the sewer in front of the particular piece of property to be assessed, it being sufficient that it contain the date of completion of the entire improvement where the assessment is made after completion.

Nor does the Act demand that the lien contain an averment that the ordinance under which the improvement was constructed authorized the assessment of the

cost of that improvement against the property in question, or that it indicate that it was filed within six months from the date the work was done in front of the particular piece of property to be charged, or that it show how the assessment was arrived at, whether according to the front-foot rule or otherwise, or that it aver that the assessment was certified to the City Treasurer. Therefore, the liens in question cannot be held defective because of their failure to contain those averments.

We are also satisfied that the liens do contain an adequate description of the property involved. Moreover, the determination of the sufficiency of a description in a municipal claim is ordinarily a jury question to be raised on defense to a scire facias sur lien. It is only in a clear case that it may be made by court on petition to strike off a lien. *Latrobe Borough v. Austraw,* supra.

It is contended by the appellees that the sewer involved is a main or carrying sewer, but a reading of the liens does not confirm that supposition. Nor is it required, as further claimed by the defendants, that the municipality declare within the liens what portion of the cost of the improvement is represented by the assessment made.

We conclude that the liens satisfied the statutory requirements and should not be stricken off. Where property owners feel themselves aggrieved in a situation of this character, a procedure is outlined for them in Section 16 of the Act of May 16, 1923, supra, 53 P.S. 2036: "Any party named as defendant in the claim filed, or admitted to defend there against, may file, as of course, and serve a notice upon the claimant or upon the counsel of record to issue a scire facias thereon, within fifteen days after notice so to do. If no scire facias be issued within fifteen days after the affidavit

of service of notice is filed of record, the claim shall be stricken off by the court, upon motion. If a scire facias be issued in accordance with such notice, the claimant shall not be permitted to discontinue the same, or suffer a nonsuit upon the trial thereof, but a compulsory nonsuit shall be entered by the court if the claimant does not appear, or withdraws, or for reason fails to maintain his claim."

The order striking off the liens is reversed, the liens reinstated, and the record remanded for further proceedings.