Forks Township Municipal Sewer Authority *v.*
American Land, Inc. (6 cases)
Forks Township Municipal Sewer Authority *v.*
Lafayette Homes, Inc.

Argued October 3, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Robert J. Woodside,* with him *Robert Moore* and *Shearer, Mette, Hoerner & Woodside,* and *Franklin S. VanAntwerpen,* and *Hempstreet and Smith,* for appellant.

*Thomas P. Stitt,* with him *Coffin, DeRaymond and Shipman,* for appellee.

OPINION BY JUDGE WILKINSON, November 28, 1972:
The procedural problems in the matter of properly filing municipal liens are brought in bold relief by these cases. In spite of what appears to be a diligent effort of competent counsel of both appellant and appellees to put these cases in shape for a prompt determination, and the thoughtful consideration by the able court below, we must reverse the decision of the court below and remand the cases for further proceedings.

As alleged in the statement of claim, pursuant to appropriate steps taken under the Act of May 16, 1923, P. L. 207, as amended (the Act), 53 P.S. §7101 et seq., the appellant notified appellees on February 17, 1970, of the assessment of the costs of construction of a sanitary sewer construction abutting their property. On July 14, 1970, based on the statement of claim, the Prothonotary of Northampton County was directed to enter the claim. The amount of the levy and assessment in an American Land, Inc. case which was typical was:

| | |
|---|---|
| *721.29* feet of house sewer frontage at | |
| $6.00 per foot front ............ | $4,327.74 |
| Paid on installment basis .......... | NONE |
| 5% Collection Fee ................ | $   216.39 |
| Lien costs ..................... | $     40.00 |
| Prothonotary's Filing Costs ....... | $       5.00 |
| Total amount of claim ......... | $4,589.13 |
| With interest at 6% from April | |
| 17, 1970 .................. | . |

This was followed by a motion to strike off lien filed by appellees and preliminary objections to this motion to strike filed by appellant.

Recognizing the procedural confusion created by these pleadings, the attorneys stipulated that these pleadings be considered removed from the record.

This stipulation was followed by appellees filing a notice upon claimant to issue writ of scire facias. The writ was issued and appellees promptly filed preliminary objections to scire facias sur municipal claim raising two questions: (1) the sufficiency of the description of the premises against which the claim is made; (2) the claim includes an item of $40 lien costs without specifying the nature and character thereof and a 5% collection fee.

The lower court properly assessed the question before it as being whether the municipal claim avers upon its face all the facts necessary to sustain its validity. *Latrobe Borough v. Austraw,* 157 Pa. Superior Ct. 643, 43 A. 2d 612 (1945).

The lower court properly ruled that the sufficiency of the description to identify the property is a question of fact to be determined after an answer is filed. *See Latrobe Borough v. Austraw, supra,* and *New Kensington v. Gardner,* 372 Pa. 72, 92 A. 2d 685 (1952). If the property described includes more than the law allows, as Judge WILLIAMS properly points out, the Act, in Sections 11 and 13, 53 P.S. §7110 and §7145, provides the Court with authority, prior to entering judgment, based on the evidence offered, to limit the lien to the proper property.

Where we disagree with the court below is when, based on the pleadings alone, he finds that the items 5% collection fees and the lien costs of $40 must be stricken. The lower court reasoned that the 5% collection fee was prematurely entered because Sections 19 and 20 of the Act, 53 P.S. §7187, §7271, provide that this be done only after the validity of the main claim is determined either by default or trial. We do not so restrictively interpret these sections. Otherwise, as pointed out by appellant, the appellees could effectively forestall the collection of these items by paying the claim after it is filed, but before judgment is taken. The court appears to have found the allegations sufficient to support the claim for collection fees for they are stricken only "until such time as plaintiff is entitled to enter judgment upon the writ of Scire Facias."

The lower court then goes on to strike the $40 alleged as lien costs. The Act, in Section 3, 53 P.S. §7106, provides: "All municipal claims . . . shall be and they are hereby declared to be a lien on said property,

*together with all charges, expenses and fees added thereto for failure to pay promptly;"* (Emphasis supplied). Certainly the failure to pay promptly was in the statement of claim since it alleges notice was given of the assessment on February 17, 1970, and had not been paid on July 14, 1970.

The lower court, on information not in the statement of claim, and not properly before the court at this stage in the record, concludes that the $40 was paid to the appellant's attorney and that attorneys' fees are not authorized to be assessed as costs. Whether the item of $40 can be supported as coming within the language of the Act can be decided after, and only after, an answer has been filed denying that such authorized costs have been incurred and testimony offered by appellant as to their nature and extent. If the lower court then finds the $40 item to be unjustified and appellant is dissatisfied with its decision, this and other courts will have a record on which to review the propriety of that decision.

The appellees' motion to quash the appeal as being from an order which is not final is dismissed. The order striking all lien costs in excess of $5 is a final order on that part of the claim. *See Grota v. LaBoccetta,* 425 Pa. 620, 230 A. 2d 206 (1967); *Lovering v. Zoning Board of Adjustment,* 406 Pa. 339, 178 A. 2d 740 (1962).

The order of the lower court is reversed and the record remanded for further proceedings consistent with this decision, including the right of appellees to amend any answer heretofore filed.

———

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. I would affirm the Court of Common Pleas of Northampton County on the opinion written for that court by Judge WILLIAMS.