## Williamsport v. Helmrich Bros.

*Ronald C. Travis,* for City.
*Ambrose R. Campana,* for defendant.

GREEVY, *J.*, October 17, 1978—Plaintiff, City of Williamsport (hereinafter city), has moved this court to enter "Judgment for Want of a Sufficient Affidavit of Response" in its favor and against the owners or reputed owners of the various properties (hereinafter property owners) listed by docket numbers above. Counsel for the city and property owners have stipulated to the following relevant facts:

The properties which are the subject of these suits are all within the boundaries of the Williamsport Business Improvement District.

On January 8, 1976, the first reading of Ordinance 4753 to establish the Williamsport Business Improvement District occurred. After a public hearing on January 22, 1976, the ordinance was passed on June 17, 1976. On October 7, Ordinance 4796, which amended the boundaries of the Business Improvement District, was passed on first reading after a public hearing. On January 6, 1977, Ordinance 4796 was passed on final reading.

On August 4, 1977, Ordinance 4842 which levied assessments and costs was passed upon first reading. One week later, this ordinance was passed on final reading. On August 24, 1977, an ordinance excluding E. Keeler and Company from the Business Improvement District was passed.

Prior to filing affidavits of defense, none of the property owners in these suits had contested the inclusion of their property in the Business Improvement District nor contested the validity of the assessments against their property.

In early 1978, the city issued writs of scire facias against the property owners who had failed or refused to pay the assessments. The property owners

then filed affidavits of defense to the writs. The city alleges these affidavits are insufficient as a matter of law and has moved for judgment because of their alleged insufficiencies.

A property owner aggrieved by a municipal claim or assessment may obtain an adjudication as to the validity of the lien by serving notice upon the municipality to issue a writ of scire facias upon the claim: New Kensington v. Gardner, 372 Pa. 72, 92 A. 2d 685 (1952). This is the precise procedure initiated by defendant property owner in this case.

Section 7184 of the Municipal Claims Act of May 16, 1923, P.L. 207, 53 P.S. §7184, furnishes a property owner with an opportunity to file and serve notice on the municipality to issue a writ of scire facias within fifteen days after notice to do so. All defenses may be raised in such a proceeding: Sager v. Burgess, 350 F. Supp. 1310, 1312 (E.D. Pa. 1972).

53 P.S. §7182 (Municipal Claims Act) states that a defendant named in the claim or writ of scire facias may "at any stage of the proceedings" present his defense. Hence the city's allegation that the property owners waited too long to contest the assessment ordinance's validity must be rejected.

The city also contends that the property owners' allegation that their property is not "benefited property" constitutes insufficient grounds to defend against the writs of scire facias. On the contrary, the Pennsylvania Supreme Court recently held: "an assessment must always be related to the benefits conferred upon the property owner. 'When the property is not benefited, our courts have not hesitated to declare that the assessment could not be sustained.'" Palmer Tp. Munc. Sewer Auth. v. Witty, 479 Pa. 240, 243, 388 A. 2d 306, 308 (1978) (citations omitted).

The Business Improvement District Act of November 30, 1967, P.L. 658, as amended, 53 P.S. §1551 et seq., speaks of "benefited property" when authorizing assessments (§1553). Additionally the act provides: "The total cost of the improvements in such district shall be assessed to all of the benefited properties in the district . . ." 53 P.S. §1554 Thus it is clear that if defendants are able to prove their property is not "benefited property," they may not be assessed for the costs of implementing the Business Improvement District.

It is also clear that the assessment for a business improvement district is a species of taxation similar to assessments for the constructions of sewers and other improvements. As such, the assessments for the Williamsport Business Improvement District are "presumed to be for the benefit, directly or indirectly, of the taxpayer or his property." Michener v. Philadelphia, 118 Pa. 535, 540-541, 12 Atl. 174 (1888). This presumption that the defendants' properties were benefited by the construction of the Williamsport Business Improvement District may be rebutted: Palmer Tp. Mun. Sewer Auth. v. Witty, 479 Pa. 240, 388 A. 2d 306, 308 (1978).

Because of the presumption that defendants' properties are "benefited" by the construction of the Williamsport Business Improvement District, defendants must present credible evidence to rebut or negate that presumption or the issue of benefited properties must be decided in favor of the city as a matter of law. See 14 P.L.E. 336, §37 and cases cited therein. Because this presumption places the burden of going forward with the evidence upon defendant property owners, their affidavits generally averring their properties are not "benefited" are not specific enough to inform the city of the basis of their defense. See 14 P.L.E. 306, §22.

Consequently, the property owners must specifically allege why their properties are not "benefited" by the improvement district.

In accordance with the above opinion, we enter the following

## ORDER

And now, October 17, 1978, plaintiff City of Williamsport's motion for judgment for want of sufficient affidavit is denied provided that each of the above property owners files an amended affidavit of defense within 20 days, specifically alleging why their particular property is not "benefited" by the construction of the Williamsport Business Improvement District.