In Re: Petition of Mausoleum Construction Company, a non-profit corporation.

Shaler Area School District, Appellant.

Argued November 19, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Stewart A. Karn, Zimmer & Dice,* for appellant.

*Thomas H. Welsh, Metz, Cook, Hanna & Kelly,* for appellee.

OPINION BY JUDGE CRAIG, December 22, 1980:

Shaler Area School District (district) appeals from the order of the Court of Common Pleas of Allegheny County striking the district's liens against property of taxpayer Mausoleum Construction Company, for real estate taxes for the years 1946 to 1973.

During those years, taxpayer was a business corporation of the State of Delaware, properly registered in this state. Taxpayer's charter and Pennsylvania registration were amended to non-profit status in 1974.

In March 1976, taxpayer filed a petition to strike tax liens and received a rule to show cause why the liens should not be stricken. After various pleadings and a hearing, the court concluded that the property in question was entitled to exemption from real estate taxation over the stated years, as a burial place not used or held for profit, pursuant to Section 204 of The General County Assessment Law,[1] and therefore ordered the liens stricken.[2]

---

[1] Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §5020-204.

[2] The liens of two other municipal lienholders were stricken because they did not answer the rule; they are not parties to this appeal.

Initially, we note that the petition to strike and motion for a rule against the lienholder is not the proper procedure by which to challenge the liens on the ground put forth by taxpayer. *Commonwealth v. Dauphin County,* 354 Pa. 556, 47 A.2d 807 (1946). Under this procedure, a lien can be stricken only for defects appearing on its face. *New Kensington v. Gardner,* 372 Pa. 72, 92 A.2d 685 (1952); *Latrobe Borough v. Austraw,* 157 Pa. Superior Ct. 643, 43 A.2d 612 (1945); *see Forks Township Municipal Sewer Authority v. American Land, Inc.,* 6 Pa. Commonwealth Ct. 569, 297 A.2d 185 (1972). The trial court could have dismissed the petition on these grounds, as could we.

However, the taxpayer urges us to ignore these procedural irregularities and decide the merits of its claimed exemption as if the procedures of the Act of May 16, 1923[3] (relating to municipal claims) had been followed, *i.e.,* the issuance of scire facias on the liens and the filing of an affidavit of defense by taxpayer. Although that process has not in fact been followed, so that no judgment upon a writ will result, neither will any prejudice result from our addressing the question of law which controls and disposes of this proceeding.

That question is the district's contention that taxpayer here is foreclosed from a collateral attack on the assessments underlying the liens because of its failure to pursue the statutory appeal process provided by The General County Assessment Law. We must agree.

In *City of Philadelphia v. Dougherty,* 153 Pa. Superior Ct. 554, 34 A.2d 918 (1943), the court rejected a claimed exemption as a defense to a scire facias proceeding on a municipal lien, precisely because tax-

[3] P.L. 207, *as amended,* 53 P.S. 7101 *et seq.*

payer had not appealed from the taxable assessment of the property. In so doing, the court stated, at 559, 34 A.2d at 920, that unappealed assessments "cannot be disputed on a scire facias to enforce . . . [their] collection."

At the time of that decision, the taxpayer was required to exhaust the statutory procedure only when the claim was one of erroneous valuation or partial exemption; claims of total exemption were cognizable in equity without resort to a tax appeal. *See Wynnefield United Presbyterian Church v. City of Philadelphia,* 348 Pa. 252, 35 A.2d 276 (1944).

However, the Supreme Court discarded the dichotomy between total and partial exemption, as respects the exclusiveness of the appeal process, in *Young Men's Christian Association v. City of Reading,* 402 Pa. 592, 167 A.2d 469 (1961). In relegating all claims of exemption to the statutory appeal, the court stated, at 598, 167 A.2d at 472:

> Considering the ample protection of the statutory procedure now afforded a taxpayer and the greater skill of local assessing officers in reviewing these matters prior to court proceedings, it seems unjustifiable to continue upholding equitable jurisdiction where a taxpayer claims its charitable status entitles it to a 100% exemption from taxation while relegating to the statutory proceeding a taxpayer one percent of whose property is admitted or found to be taxable, the 99% being exempt. We conclude, therefore, that, absent a challenge to the constitutionality of a statute or of official action thereunder, equity has no jurisdiction to restrain the collection of taxes.

Here there is no constitutional challenge. Because the constitution permits the legislature to exempt the stated class of burial places from taxation, but does

not compel that exemption,[4] any entitlement to that status is a legislative one, with no constitutional dimension. Here "[t]he only question . . . is one of statutory interpretation and application." *Young Men's Christian Association, supra,* at 596, 167 A.2d at 471. Therefore, the statutory procedure is exclusive.

According to *City of Philadelphia v. Dougherty, supra,* at 559, 34 A.2d at 920, "[i]f no appeal is taken from the assessment of taxes within the time allowed by law it becomes binding and conclusive . . . neither the common pleas nor an appellate court can afford any relief." This holding constitutes a limitation of subject matter jurisdiction. "[T]he timeliness of an appeal goes to the jurisdiction of the body appealed to and its competency to act." *Coshey v. Beal,* 27 Pa. Commonwealth Ct. 440, 443, 366 A.2d 1295, 1297 (1976). *See also Department of Transportation, Bureau of Traffic Safety v. Bower,* 48 Pa. Commonwealth Ct. 379, 380, 410 A.2d 91, 92 (1980).

Unlike the procedural point considered and waived above, when exemptions have not been timely sought through statutory appeals, the courts have no jurisdiction to reach back over a period of years, as here,

---

[4] For the years in question before April 23, 1968, the applicable constitutional provision was that found in the Constitution of 1874, art. IX, §1:

> [T]he General Assembly may, by general laws, exempt from taxation . . . places of burial not used or held for private or corporate profit.

After the above date, and currently, the applicable provision is that of art. VIII, §2(a):

> The General Assembly may by law exempt from taxation:
> . . . .
> (ii) Actual places of burial, when used or held by a person or organization deriving no private or corporate profit therefrom and no substantial part of whose activity consists of selling personal property in connection therewith.

to resurrect the question. That consequence is salutary because the revenue base of taxing bodies should not be left open indefinitely to a retrospective exemption claim made in a lien proceeding filed, as here, decades later than some of the tax years involved.

Thus the merits of the exemption could not be reached here, the liens were stricken improperly, and that action must be reversed.

### Order

And Now, December 22, 1980, the October 24, 1979 order of the Court of Common Pleas of Allegheny County at No. G.D. 76-04940 is reversed; all liens thereby stricken are reinstated and are to be reentered accordingly.

Judge MacPhail concurs in the result only.