PENN TOWNSHIP, Appellant

v.

**HANOVER FOODS CORPORATION.**

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 2003.
Decided April 20, 2004.

---

Walter A. Tilley, III, York, for appellant.

Lawrence R. Wieder, Harrisburg, for appellee.

BEFORE: McGINLEY, Judge, and PELLEGRINI, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Penn Township (Township) appeals from the order of the Court of Common Pleas of York County (trial court) granting the petitions of Hanover Food Corporation (Hanover) to strike municipal claims that had been filed against it by the Township pursuant to the provisions of the statute commonly referred to as the Municipal Claims and Liens Act (Act).[1] We reverse the trial court's order, and reinstate the liens.

In 1996, the Township condemned a 10–foot strip of land owned by Hanover along Ridge Avenue in the Township to make roadway and drainage improvements on Ridge and Wilson Avenues. Hanover did not accept the compensation offered by the Township for the taking, and neither Hanover nor the Township has petitioned for the appointment of a board of view to establish the compensation to be paid for the taking.

---

1. Act of May 16, 1923, P.L. 207, *as amended,*   53 P.S. §§ 7101–7505.

Between October 24, 1999 and October 20, 2000, the Township made improvements to Ridge and Wilson Avenues including grading, paving, curbing, macadamizing, widening, and storm water drainage. The Township then assessed the property owners of land abutting Ridge and Wilson Avenues for the costs of the improvements. The Township assessed Hanover, and all of the abutting landowners, the assessable cost of the improvements, totaling $321,967.79 plus attorney fees. Although all of the other property owners have paid the assessment for their fair share of the costs of the improvements, Hanover has not done so. As a result, on June 18, 2002, the Township filed six municipal claims[2] against Hanover pursuant to the provisions of the Act.[3]

On July 22, 2002, Hanover filed the instant petitions to strike the municipal claims.[4] In the petitions Hanover alleged, *inter alia*, that: (1) the claims were an assessment for the alleged benefit to its abutting property after the improvements were made upon its land which was condemned by the Township; (2) as a result, the Township did not have the legal authority to impose an assessment for the alleged benefits of the improvements under Section 9 of the Act, as the costs could only be recovered as part of the condemnation award pursuant to Section 606 of the Eminent Domain Code[5] and Section

---

2. Section 1 of the Act defines "municipal claim", in pertinent part, as follows:

> The words **"municipal claim"**, as used in this act, unless specifically indicated otherwise mean and include ... the claim filed to recover for the grading, guttering, macadamizing, or otherwise improving, the cartway of any public highway; ... for laying ... culverts, sewers, branch sewers, or sewer connections therein; for assessments for benefits in the ... widening or vacation thereof; ... in highways of townships of the first class ...

53 P.S. § 7101.

3. Specifically, the Township asserted that it was filing the claim pursuant to Section 9 of the Act which provides, in pertinent part:

> [O]ther municipal claims must be filed in said court of common pleas ... within six months from the time the work was done in front of the particular property, where the charge against the property is assessed or made at the time the work is authorized; within six months after the completion of the improvement, where the assessment is made by the municipality upon all the properties after the completion of the improvement ...

53 P.S. § 7143.

> However, it should also be noted that Section 4 of the Act provides, in pertinent part:
> [T]he lien for grading, guttering, paving, macadamizing, or otherwise improving the cartways of any highways; ... or for laying ... culverts, sewers, branch sewers, or sewer connections in any highway; for assessments for benefits in the ... widening, or vacation thereof; ... in highways of townships of the first class ... shall exist in favor of, and the claim therefor may be filed against the property thereby benefited by, the municipality extending the benefit ...

53 P.S. § 7107.

4. The trial court also granted Hanover's petition to consolidate the six cases.

5. Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. § 1–606. Section 606 of the Eminent Domain Code provides:

> In determining the fair market value of the remaining property after a partial taking, consideration shall be given to the use to which the property condemned is to be put and the damages or benefits specially affecting the remaining property due to its proximity to the improvement for which the property was taken. Future damages and general benefits which will affect the entire community beyond the properties directly abutting the property taken shall not be considered in arriving at the after value. Special benefits to the remaining property shall in no event exceed the total damages except in such cases where the condemnor is authorized under existing law, to make special assessments for benefits.

1924 of the First Class Township Code,[6,7]; and (3) even if the Township could proceed under Section 9 of the Act, the claim was not timely filed under its provision and is, therefore, void. On August 6, 2002, the Township filed an answer to the petition[8], and a hearing before the trial court ensued.

On April 24, 2003, the trial court issued an order and opinion disposing of Hanover's petition to strike the municipal liens. In the opinion, the court stated, "We believe that § 7107 [of the Act] clearly allows assessments and the filing of liens against property owners who *benefit* from the improvements. Since the [Township] admits that [Hanover] did not 'benefit' from the improvements, we find that the assessments and the liens are improper." Trial Court Opinion at 4 (emphasis in original and footnote omitted). According-

ly, the trial court entered an order granting Hanover's consolidated petitions, and striking the Township's claims. The Township then filed the instant appeal of the trial court's order.[9,10]

In this appeal, the Township claims that the trial court erred in granting Hanover's petitions to strike the municipal liens pursuant to the provisions of the Act. Specifically, the Township claims[11]: (1) the provisions of the Act should have been applied to the assessment sought by the Township to recover Hanover's share of the costs of the improvements, rather than the Eminent Domain Code as asserted by Hanover; (2) the trial court erred in determining that the Township admitted in its answer to Hanover's petition that Hanover did not benefit from the improvements; and (3) Hanover's properties

6. Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. § 56924. Section 1924 of the First Class Township Code provides:

    The damages may be paid in whole or in part by the township, or may be assessed in whole or in part upon the land or property benefited. In the latter case, the viewers, having first determined the damages apart from the benefits, shall assess the total cost of the improvement, or so much thereof as may be just and reasonable, upon the lands or properties peculiarly benefited, including in the assessment all parties for which damages have been allowed, and shall report the same to the court. The total assessments for benefits shall not exceed the total damages awarded or agreed upon.

7. Penn Township is a First Class Township. *See* 116 The Pennsylvania Manual 6–79 (2003).

8. The Township's answer to Hanover's petition stated the following, in pertinent part:

    6. Admitted in part; denied in part. It is admitted that Hanover Foods was benefited by the public improvements. It is denied that the liens are for the benefit to Hanover Foods' property. By way of further answer, the liens are for Hanover Foods' fair share of the *costs* of the construction for the public improve-

ments. There is a distinction between the change in property values (which is the subject of the Eminent Domain Code) and the costs of construction (which is the subject of the [Act] under which the Township is proceeding).
Answer of [the Township] to Petitions of [Hanover] to Strike Liens at 3.

9. It should be noted that a trial court's order refusing to strike a lien is not a final, appealable order. *Caldwell v. Carter,* 147 Pa. 370, 23 A. 575 (1892); *Borough of Ambler v. Regenbogen,* 713 A.2d 145 (Pa.Cmwlth.1998). However, when the trial court strikes off the lien the case is otherwise, as the court's action is final. *Caldwell.*

10. This Court's scope of review of a trial court's order disposing of a petition to strike a municipal claim is limited to a determination of whether the court abused its discretion or committed an error of law or whether constitutional rights were violated. *Dreibelbis v. State College Borough Water Authority,* 654 A.2d 52 (Pa.Cmwlth.1994).

11. In the interest of clarity, we reorder the claims raised by the Township in the instant appeal.

had to benefit from the improvements for the Township to assess the costs of the improvements against Hanover.

■ The Township first claims that the trial court erred in granting Hanover's petitions to strike the municipal liens as the provisions of the Act should have been applied to the assessment sought by the Township, rather than the Eminent Domain Code as asserted by Hanover. Specifically, the Township alleges that "[t]he municipal claims at issue in this case are for Hanover's fair share of the *costs* of the construction for the public improvements in accordance with the [Act]. Therefore, the municipal claims are valid." Brief for Appellant at 11. We agree that the provisions of the Act control the disposition of the instant petitions to strike, and that the trial court erred in granting the petitions under the relevant provisions of the Act.

■ In the instant petitions, Hanover alleged, *inter alia,* that "Pennsylvania case law provides that one may file a Petition to Strike a municipal lien that is invalid on its face. *See [City of] New Kensington v. Gardner,* 372 Pa. 72, 92 A.2d 685 (1952)". It is true that a lien may be stricken upon

the filing of a petition to strike for defects appearing on its face. *Id.* However, "[i]n such an action, all that is before the court is the sufficiency of the lien and the matters of form." *Id.* at 75, 92 A.2d at 687 citing *Latrobe Borough v. Austraw,* 157 Pa.Super. 643, 43 A.2d 612 (1945).

■ In the instant matter, Hanover has neither alleged nor demonstrated that the instant liens are defective on their face by failing to comply with the statutory requirements relating to the form of such a lien.[12] Thus, the filing of a petition to strike is not the proper action to assert the claims raised by Hanover in the instant matter, contesting the merits of the assessment and the filing of a lien thereon. Rather, a property owner that is aggrieved by a municipal lien, which is not defective on its face, may obtain an adjudication as to the validity of the lien by serving notice upon the claimant municipality to issue a *scire facias* on the claim.

### City of New Kensington.[13]

Indeed, as this Court has previously noted:

> the owner to do it, when and how such notice was given.
>
> Said claim shall be signed by, or have stamped thereon a facsimile signature of, the solicitor or chief executive officer of the claimant....
>
> 53 P.S. § 7144.

---

12. With respect to these requirements, Section 10 of the Act provides, in pertinent part:

Said claim shall set forth:

1. The name of the municipality by which filed;

2. The name of the owner of the property against which it is filed;

3. A description of the property against which it is filed;

4. The authority under or by virtue of which the tax was levied or the work was done;

5. [T]he date on which the work was completed in front of the particular property against which the claim is filed; or the date of completion of the improvement, where the assessment is made after completion....

* * *

7. [T]he kind and character of the work done for which the claim is filed, and, if the work be such as to require previous notice to

13. *See also Petition of Mausoleum Construction Company,* 55 Pa.Cmwlth. 504, 423 A.2d 809, 810 (1980) ("[I]nitially, we note that the petition to strike and motion for a rule against the lienholder is not the proper procedure by which to challenge the liens on the ground put forth by taxpayer. Under this procedure, a lien can be stricken only for defects appearing on its face. The trial court could have dismissed the petition on these grounds, as could we ....") (citations omitted); *Forks Township Municipal Sewer Authority v. American Land, Inc.,* 6 Pa.Cmwlth. 569, 297 A.2d 185, 186 (1972) ("[I]n the proceeding on a

[A]fter a municipal claim is filed, three procedural alternatives are available to the parties: (1) the owner may contest the municipal claim or the amount of assessment by filing and serving a notice on the claimant municipality to issue a writ of *scire facias*, thereby forcing a hearing on the municipal claim; (2) the municipality may pursue a writ of *scire facias* without the owner's action; or (3) the owner and the municipality may choose not to do anything, thereby letting the municipal lien remain recorded indefinitely subject to revival of the lien in every twenty years upon the issuance of a suggestion of nonpayment and an averment of default. Sections 14–16 of the Act, 53 P.S. §§ 7182–7184 [14]; *Shapiro v. Center Township*, [159 Pa. Cmwlth. 82, 632 A.2d 994 (1993), *petition for*] *allowance of appeal denied*, 537 Pa. 635, 642 A.2d 488 (1994).

*Borough of Ambler*, 713 A.2d at 148.[15]

Based on the foregoing, it is clear that Hanover improperly sought to contest the instant liens by filing the instant petition

motion to strike off lien, [t]he trial court assessed the question before it as being whether the municipal claim avers upon its face all the facts necessary to sustain its validity.") (citation omitted); *Township of Mt. Lebanon v. Robinson*, 83 Pa.Super. 539, 542–543 (1924) ("[T]he second reason urged for striking off the lien is that the township had no authority to assess against appellant any part of the cost of improving that portion of Baywood Avenue which extends across the end of Atlanta Avenue on the south; that as to such portion of the improvement he is not an abutting owner. This would be a good defense *pro tanto*. But it is no reason for striking off the lien. Any deficiency as to the form of the lien or the insufficiency of the averments therein contained may be taken advantage of by motion to strike off. But the point raised by the appellant is not as to the regularity of the lien. The lien as amended contained every essential element required by the act. A motion to strike off on that ground was properly denied . . . .") (citations omitted).

**14.** Section 16 of the Act provides, in pertinent part:

Any party named as defendant in the claim filed . . . may file, as of course, and serve a notice upon the claimant or upon the counsel of record to issue a scire facias thereon, within fifteen days after notice so to do. . . .
53 P.S. § 7184.

In turn, once the writ has been issued, Section 14 of the Act provides, in pertinent part:

Any defendant named in the claim . . . may, at any stage of the proceedings, present his petition, under oath or affirmation, setting forth that he has a defense in whole or in part thereto, and of what it consists. . . .
53 P.S. § 7182.

**15.** *See also Pentlong Corporation v. GLS Capital, Inc.*, 573 Pa. 34, 44–45, 820 A.2d 1240, 1246–1247 (2003) ("[P]ursuant to Section 7184 of the Act, if a property owner disputes the amount of a lien against his property, he may request that the lienholder issue a writ of *scire facias* . . . . A writ of *scire facias* to ascertain the amount due on a lien is ordinarily requested by a property owner to give him the opportunity to show why the lienholder should not be allowed to execute on his property. After the lienholder issues the writ, the owner may file an affidavit, pursuant to Section 7182 of the Act, raising his defenses to the lien. Proper defenses to the writ include actual payment of taxes, a defective claim or lien, fraud, or lack of process or notice. The trial court ultimately determines the appropriate amount of the lien, including any interest or costs.") (citations and footnotes omitted); *Western Clinton County Municipal Authority v. Estate of Rosamilia*, 826 A.2d 52, 56 (Pa.Cmwlth.2003) ("[T]o contest the claim or amount of assessment and to force the issue to an original hearing, the owner may file and serve a notice upon the claimant municipality to issue a writ of *scire facias*. In the proceeding commenced by the writ of *scire facias*, the owner then files an 'affidavit of defense'. In that affidavit the owner may raise all defenses he or she has to the municipal claim. Alternatively, the municipality may pursue a writ of *scire facias* without waiting for prompting by the owner. . . . In response to the writ, the owner may file an affidavit raising all defenses.") (citations omitted).

to strike and, therefore, the trial court erred in granting Hanover's petitions. *City of New Kensington.* As a result, the trial court's order must be reversed and the liens reinstated, and Hanover may proceed to interpose any and all defenses to the propriety of the liens as outlined above. *Id.*[16]

Accordingly, the order of the trial court is reversed, and the liens are reinstated.

### ORDER

AND NOW, this 20th day of April, 2004, the order of the Court of Common Pleas of York County, dated April 24, 2003 at Nos. 2002–MT–00726, 2002–MT–00727, 2002–MT–00728, 2002–MT–00729, 2002–MT–00730 and 2002–MT–00731, is RE-VERSED, and the liens filed by Penn Township, in the Court of Common Pleas of York County at the above-stated docket numbers, are REINSTATED.

**16.** Based on our disposition of this claim, we will not reach the other allegations of error raised in the instant appeal.