**CITY OF EASTON, Appellant**

v.

**Lawrence MARRA, Sr.**

**City of Easton, Appellant**

v.

**James Lawler, Trustee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 7, 2004.

Decided Nov. 24, 2004.

Robert P. Daday, Wynnewood, for appellant.

Frank S. Poswistilo, Easton, for appellee, F. Marra.

Ronald V. Santora, Kingston, for appellee, L. Marra, Sr.

BEFORE: SMITH–RIBNER, Judge, and COHN JUBELIRER, Judge(P), and LEAVITT, Judge.

OPINION BY Judge SMITH–RIBNER.

The City of Easton appeals from an order of the Court of Common Pleas of Northampton County staying the sheriff's sale of five properties previously owned by Lawrence Marra, Sr., now deceased, on the ground that the properties were *in*

*custodia legis* as part of an equitable distribution proceeding. Easton raises three issues: whether the trial court erroneously stayed the sheriff's sale by improperly applying the doctrine of *in custodia legis* to property involved in a divorce proceeding that has been ongoing since 1988; whether the court lacked subject matter jurisdiction to consider a petition to stay execution, because Appellee Francesca Marra failed to contest the tax sale by filing affidavits of defense in accordance with Section 16 of what is known as the Municipal Claims and Tax Liens Act (MCTLA), Act of May 16, 1923, P.L. 207, *as amended,* 53 P.S. § 7184; and whether this case should be remanded for purposes of receiving evidence on the issue of whether the properties were *in custodia legis.*

Lawrence Marra, Sr., who died in 1992, and Francesca Marra were former spouses. Francesca Marra and James Lawler, a trustee (Appellees), are parties with an interest in the properties at issue in this appeal. The Marras filed for divorce in 1988, which was granted in February 1989, although the parties had not yet agreed upon a property settlement. This matter came before the trial court because of unpaid city real estate taxes for the years 1998–2000 for five properties controlled by various members of the Marra family or their representatives. Easton sought collection of the taxes in accordance with the MCTLA by issuing notices to the record owners at the addresses listed in the tax assessment office. No equitable distribution order disposing of the properties had yet been issued at the time Easton instituted its action. Upon praecipe by Easton, writs of scire facias were issued nam-

ing Lawrence Marra, Sr. or James Lawler as defendant. Pursuant to Section 3(c) of the MCTLA, 53 P.S. § 7106(c), the court issued a writ of execution on June 20, 2003. On September 3 Francesca Marra filed a petition to stay execution pursuant to Pa. R.C.P. No. 3121 because the properties were subject to equitable distribution claims and therefore *in custodia legis* and immune from execution.

 After two conferences involving the parties and the trial judge, the trial court by order dated January 7, 2004 stayed the tax sale of the properties. The court concluded that the properties remained *in custodia legis* and that the sale would obstruct the orderly distribution of the estate. In staying the sale, the court emphasized that Easton was not prejudiced by the stay and that its substantive right to collect the taxes would be protected because the value of the properties was greater than that of the tax claims and the court's supervision of the distribution of the marital property would ensure that the claims were paid.[1]

On appeal, Easton first argues that the doctrine of *in custodia legis* does not apply to real estate that is scheduled for sheriff's sale in accordance with the MCTLA because the reason justifying the doctrine—preventing public officials from becoming entangled in disputes over debts related to the property—does not exist in the context of a tax sale. Easton cites *Lahr v. Faleski,* 7 Pa. D. & C.3d 315, 317–318 (1977), a case involving the sale of property pursuant to provisions of the Real Estate Tax Sale Law,[2] in which the court observed:

> In such a sale there is no annoyance or uncertainty arising out of disputes be-

---

**1.** The court in which an execution proceeding is pending has an inherent right to stay execution when it is necessary to protect the rights of a party. *Keystone Savings Ass'n v. Kitsock,* 429 Pa.Super. 561, 633 A.2d 165 (1993). On review, an appellate court will not disturb a

trial court's determination absent a clear abuse of discretion or error of law. *Keller v. Re/Max Centre Realty,* 719 A.2d 369 (Pa.Super.1998).

**2.** Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§ 5860.101–5860.803.

tween individuals to whom money is owed and those claiming a right therein by garnishment or execution. In a tax sale, the government is not hurled between competing interests; therefore, the public policy affording it immunity from such a precarious position is inapplicable.

Easton asserts that the MCTLA sets forth the exact procedures for tax sales. Also the fact that the Marra equitable distribution proceedings are ongoing has no bearing on whether the taxes must be paid, how collection is to proceed or in what manner Appellees may defend against the City's action.

 Although these arguments are not without merit, ultimately the Court does not find them persuasive. Property *in custodia legis* is accorded immunity from attachment or execution, for, as the rationale goes, to allow such actions would require a public official to appear and defend a multitude of actions regarding the right to possession and would cause confusion and delay in the execution of legal process. *Weicht v. Automobile Banking Corp.*, 354 Pa. 433, 47 A.2d 705 (1946). In more recent cases the doctrine has been questioned, but it appears settled that under proper circumstances it may be applied in actions for divorce and equitable distribution. *See Mid–State Bank & Trust Co. v. Globalnet Int'l, Inc.*, 557 Pa. 555, 735 A.2d 79 (1999).

 The Court cannot conclude that the trial court abused its discretion or committed an error of law by staying the tax sale based on the doctrine of *in custodia legis*. Unlike the case in *Lahr*, in which there was a tax sale of an incompetent's property and no third party disputing that sale, here there are competing interests seeking to equitably distribute property under the

court's supervision. Those interests may be irrevocably prejudiced by an intervening tax sale. In that regard, the trial court's order merely stays the tax sale until such time that equitable distribution of the marital property is completed and the delinquent taxes may be paid. The court did not strike the tax liens or otherwise alter Easton's substantive claims.[3] The court therefore did not abuse its discretion or commit an error of law by staying the sale based on the *in custodia legis* doctrine. *See Keystone Savings Ass'n v. Kitsock*, 429 Pa.Super. 561, 633 A.2d 165 (1993); *Fidelity Bank v. Carroll*, 416 Pa.Super. 9, 610 A.2d 481 (1992), *aff'd*, 539 Pa. 276, 652 A.2d 296 (1994); *Klebach v. Mellon Bank, N.A.*, 388 Pa.Super. 203, 565 A.2d 448 (1989).

Easton next argues that the trial court lacked subject matter jurisdiction to consider Appellees' petition to stay execution because Appellees failed to avail themselves of the statutory remedies available in the MCTLA for a party wishing to contest a municipal claim. Section 12 of the MCTLA, 53 P.S. § 7181, provides in part:

> Any person having an interest in the property, whatsoever acquired, may, after ten days' prior notice in writing, by leave of court, intervene as a party defendant and make defense thereto, with the same effect as if he had been originally named as a defendant in the claim filed.

After intervening, Appellees could then have filed a petition stating their defenses, and paid money or other security to the trial court prior to resolution of the claims. Section 14 of the MCTLA, 53 P.S. § 7182, provides in part:

> Any defendant named in the claim, or any person allowed to intervene and de-

---

3. *Cf. Keystone Savings Ass'n v. Kitsock,* 429 Pa.Super. 561, 633 A.2d 165, 167 (1993) (the lower court's error was indefinitely enjoining

the sale *without adequately protecting the substantive rights of the secured creditor/judgment holder in the property*).

fend thereagainst, may, at any stage of the proceedings, present his petition ... setting forth that he has a defense in whole or in part thereto ... and praying that a rule be granted upon the claimant to file an affidavit of the amount claimed by him, and to show cause why the petitioner should not have leave to pay money into court; and, in the case of a municipal claim, to enter security in lieu of the claim; ... [T]he court shall determine how much of the claim is admitted or not sufficiently denied; and shall enter a decree that upon payment by such petitioner to the claimant of the amount thus found to be due ... or upon payment into court ... of a sum sufficient to cover the balance claimed ... that such claim shall be wholly discharged as a lien against the property....

Alternatively, a party may proceed by serving notice on the municipality to issue a writ of scire facias and then file an affidavit of defense. Section 16 of the MCTLA, 53 P.S. § 7184. Easton contends that the only permissible method of contesting a municipal tax claim is through the MCTLA procedures, citing *Penn Township v. Hanover Foods Corp.*, 847 A.2d 219 (Pa.Cmwlth.2004); *Shapiro v. Center Township, Butler County*, 159 Pa. Cmwlth. 82, 632 A.2d 994 (1993); and *LCN Real Estate, Inc. v. Borough of Wyoming*, 117 Pa.Cmwlth. 260, 544 A.2d 1053 (1988).

 In rebuttal, Appellees emphasize that Pa. R.C.P. No. 3121 recognizes a court's inherent power to stay executions:

(a) Execution shall be stayed as to all or any part of the property of the defendant

....

(4) upon a showing of exemption or immunity of property from execution;

....

(b) Execution may be stayed by the court as to all or any part of the proper-

ty of the defendant upon its own motion or application of any party in interest showing

....

(2) any other legal or equitable ground therefor.

(c) In an order staying execution the court may impose such terms and conditions or limit the stay to such reasonable time as it may deem appropriate.

Generally, when the legislature provides a specific, exclusive and constitutionally adequate method for the disposition of a particular kind of dispute, a party seeking relief must adhere to the statutory procedures and a court has no jurisdiction to entertain an action in equity. *Pentlong Corp. v. GLS Capital, Inc.*, 573 Pa. 34, 820 A.2d 1240 (2003). However, exceptions exist to the rule: a statutory procedure need not be followed if a remedy is not provided or if the prescribed remedy is inadequate to afford complete relief. *Id.*; *LCN Real Estate.*

 Similarly, equity has jurisdiction to protect by injunction property or personal rights when a fundamental question of legal right is involved and when the interests of justice require relief. *Pennsylvania State Chamber of Commerce v. Torquato*, 386 Pa. 306, 125 A.2d 755 (1956). If a statute sets forth an adequate procedure by which a party may proceed but it is not the exclusive means by which the party may seek relief, a court in its discretion may allow an action in equity. *School District of the Borough of West Homestead v. Allegheny County Board of School Directors*, 440 Pa. 113, 269 A.2d 904 (1970). It is an equally accepted principle that a court in which an execution proceeding is pending has the inherent power to stay the proceeding upon legal or equitable grounds, when it is necessary to protect the rights of a party. Rule 3121; *Keystone Savings Ass'n*; *Kronz v. Kronz*, 393

Pa.Super. 227, 574 A.2d 91 (1990). A court should not stay execution unless the facts of the case warrant such an exercise of discretion, which judgment requires balancing the rights of the creditor and debtor. *Kronz.*

Several considerations inform the Court's determination that the trial court did not err in staying the tax sale. First, although the provisions of the MCTLA cited by Easton are correctly viewed as the exclusive means by which a property owner may challenge the form, substantive validity or calculation of a tax lien, in this case Appellees do not contest the liens' validity or amounts. Appellees seek only to stay execution and the collection of those amounts.[4] Rule 3121 specifically grants the courts an independent and general power to stay executions; nothing in the MCTLA or in case law prohibits or preempts that power.

Second, the trial court's exercise of its equitable power under Rule 3121 does not evade or otherwise do violence to the MCTLA's statutory scheme for processing challenges to the validity or amounts of municipal tax claims. The issues presented in this appeal are of an essentially legal nature. Had Appellees proceeded in a scire facias proceeding, they would have brought their case in the same judicial forum; they would have raised the same legal arguments; and of necessity they would have requested an identical stay of execution. *Cf. Penn Galvanizing Co. v.*

*City of Philadelphia,* 388 Pa. 370, 130 A.2d 511 (1957) (taxpayer barred from seeking equitable relief in court of common pleas when taxpayer had administrative remedy via appeal to tax review board).

Third, as the certified record shows, Easton did not specifically argue that the MCTLA represents Appellees' exclusive statutory remedy until the city filed its motion for reconsideration. As a practical matter the trial court had already determined that the properties were *in custodia legis* and immune from execution. To now vacate the court's order to require Appellees to litigate the same issues in a scire facias proceeding would be a waste of judicial resources. *See Erfer v. Commonwealth,* 568 Pa. 128, 794 A.2d 325 (2002). Finally, a remand for purposes of receiving evidence on the application of the doctrine of *in custodia legis* is unwarranted not only because Easton did not request an evidentiary hearing, *see* Pa. R.A.P. 302(a), but also because the record was sufficient for the court to address the legal issue of whether the properties were *in custodia legis.* The Court therefore affirms.

## ORDER

AND NOW, this 24th day of November, 2004, the order of the Court of Common Pleas of Northampton County is affirmed.

4. The fact that Appellees have sought and received only a stay of execution, and are not challenging the procedural or substantive validity of the tax claims, distinguishes this case from *LCN Real Estate; Shapiro* and *Penn Township.* In *LCN Real Estate,* the property owners raised objections to the procedure by which assessments for sewer construction were levied, and substantive objections that related to the actual amounts of the assessments. In *Shapiro,* the property owners filed affidavits of defense raising procedural and substantive objections to certain municipal liens but because they did not seek equitable relief the case is not relevant here. In *Penn Township* a corporate landowner erroneously filed petitions to strike certain municipal liens based on procedural and substantive objections that would have invalidated the liens. This Court ruled that the petition to strike was an improper procedure for contesting the liens; the landowner did not seek equitable relief and thus the case also is not directly relevant.