Wilkinsburg School District        :
       :
         v.        :
       :
Todd Elliott Koger,        :        No. 422 C.D. 2017
         Appellant        :        Submitted: April 18, 2019

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                       FILED:  July 10, 2019

Todd Elliott Koger (Koger) appeals pro se from the Allegheny County Common Pleas Court's (trial court) December 29, 2016 order granting the Wilkinsburg School District's (District) Motion to Strike Koger's Motion and Addendum and to Enter Judgment (Motion to Strike and Enter Judgment), and entering Judgment in favor of the District.  Koger presents two issues for this Court's review: (1) whether jurisdiction has been established over the property located at 515 Kelly Avenue, Wilkinsburg, Pennsylvania (Property) and or the Property owner; and (2) whether the prejudice of delay violated Koger's and the Property owner's constitutional rights.  After review, we affirm.

On July 28, 2005, the District filed a municipal lien for school taxes due against the Property.  On January 12, 2006, the District filed a Writ of Scire Facias (Writ).  The District obtained a default judgment on June 5, 2006, but the judgment was stricken upon the District's motion because of improper service of the original Writ.  The Writ was reissued on December 5, 2011, and personally served upon Koger on January 9, 2012.  On January 10, 2012, Koger filed a pro se Motion to Dismiss and/or Answer.  On January 19, 2012, the District filed an Answer to the

Motion to Dismiss and/or Answer. On March 31, 2016, Koger filed a pro se Addendum to Preliminary Objections/Motion to Dismiss. On December 29, 2016, the District filed the Motion to Strike and Enter Judgment, and the trial court granted the Motion to Strike and Enter Judgment, dismissed Koger's filings and entered judgment against Koger in the amount of $2,972.54.

On January 30, 2017, Koger appealed to the Pennsylvania Superior Court. On February 2, 2017, the trial court ordered Koger to file a concise statement of the rulings and/or errors complained of on appeal (Rule 1925(b) Statement). On February 9, 2017, the District filed a Motion to Quash Appeal and Objection to Jurisdiction of Court (Motion to Quash). On February 14, 2017, Koger filed his Rule 1925(b) Statement. By February 23, 2017 order, the Superior Court transferred the matter to this Court.[1]

On May 2, 2018, this Court denied the Motion to Quash without prejudice. On May 9, 2018, Koger filed a Motion for Sanction/Judgment (Sanction Motion) alleging a pattern of misconduct by the District against him. By June 11, 2018 order, this Court denied the Sanction Motion without prejudice. On July 30, 2018, this Court received the Original Record. On November 26, 2018, Koger filed a Motion to Dismiss. By January 11, 2019 order, this Court denied Koger's Motion to Dismiss.

Koger first argues that jurisdiction over the Property and/or the Property owner has not been established because his son owns the Property and he has never been served or named in the cause of action. The District rejoins that Koger has waived this argument by failing to fully develop it in his brief. Further, according to

---

[1] "'This Court's scope of review of a trial court's order disposing of a petition to strike a municipal claim is limited to a determination of whether the court abused its discretion or committed an error of law or whether constitutional rights were violated.' *Penn Twp. v. Hanover Foods Corp.*, 847 A.2d 219, 222 n. 10 (Pa. Cmwlth. 2004)." *Valley Forge Sewer Auth. v. Hipwell*, 121 A.3d 1164, 1167 n.4 (Pa. Cmwlth. 2015).

the District, the record is devoid of any documents supporting Koger's claim that his son is the Property owner; the record supports that Koger is in fact the Property owner and the correct party to the action.

Initially, Pennsylvania Rule of Appellate Procedure (Rule) 2119(a) requires:

> **General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, **followed by such discussion and citation of authorities as are deemed pertinent**.

Pa.R.A.P. 2119(a) (text emphasis added). This Court has held:

> '[W]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.' *Commonwealth v. Feineigle*, 690 A.2d 748, 751 n. 5 (Pa. Cmwlth. 1997). 'Mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter.' *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1259 n. 11 (Pa. Cmwlth. 2002).

*Boniella v. Commonwealth*, 958 A.2d 1069, 1072 n.8 (Pa. Cmwlth. 2008).

> Further, Rule 1921 provides:

> The original papers and exhibits filed in the lower court, paper copies of legal papers filed with the prothonotary by means of electronic filing, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court shall constitute the record on appeal in all cases.

> *Note:* **An appellate court may consider only the facts which have been duly certified in the record on appeal**. *Commonwealth v. Young*, . . . 317 A.2d 258, 264 ([Pa.] 1974). All involved in the appellate process have a duty to take steps necessary to assure that the appellate court has a complete record on appeal, so that the appellate court has the materials necessary to review the issues raised on appeal.

3

> **Ultimate responsibility for a complete record rests with the party raising an issue that requires appellate court access to record materials**. *See*, *e.g.*, *Commonwealth v. Williams*, . . . 715 A.2d 1101, 1106 ([Pa.] 1998) (addressing obligation of appellant to purchase transcript and ensure its transmission to the appellate court). . . . .

Pa.R.A.P. 1921 (emphasis added).

Here, Koger presents one page of argument in his brief to support his two issues raised on appeal and includes only general statements, unsupported by citation to applicable authority. Further, the "Sheriff['s] Return" of service of the Writ evidences that Koger was personally served with the Writ at the Property, Supplemental Reproduced Record (S.R.R.) at 12b, and in his Motion to Dismiss and Answer thereto, Koger does not aver that he is not the Property owner, but rather claims the tax lien is defective and the Property is immune from execution due to his bankruptcies. *See* S.R.R. at 15b. Nor does Koger aver non-ownership of the Property in his Addendum to Preliminary Objection/Motion to Dismiss. Moreover, Koger lists the Property's address on all of his pleadings. Because Koger's first argument is not fully developed in his brief, *see* Pa.R.A.P. 2119(a); *Boniella*, and the Original Record supports the conclusion that Koger is the Property owner, and nothing therein counters that conclusion, *see* Pa.R.A.P. 1921, this argument must fail.

Koger next contends that the 14-year delay has caused his constitutional rights to be infringed. The District responds that Koger has waived this issue because he raises it for the first time on appeal.

Initially, Rule 302(a) requires: "**General rule.** Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Further, the entirety of Koger's argument in his brief is as follows:

> One needs to look only as far as the Opinion dated July 27, 2018 (written 17 months after the Order that was appealed). With such prejudice [Koger] and/or his son are without

> opportunity for any fair hearing on this matter (among other things, the argument related to the [District's] use of the Christmas Holiday disruption of the courts in 2016 to sneak through a motion at issue just before New Year's Eve).

Koger Br. at 8. Because Koger did not raise the issue of the violation of his constitutional rights at any time prior to his brief to this Court, the issue is indeed waived. *See* Pa.R.A.P. 302(a). Moreover, even if not waived, Koger has foreclosed this Court's review by his failure to develop the argument. *See Boniella*. Accordingly, this Court cannot address this issue.

For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Wilkinsburg School District | : | |
| | : | |
| v. | : | |
| | : | |
| Todd Elliott Koger, | : | No. 422 C.D. 2017 |
| Appellant | : | |

## O R D E R

AND NOW, this 10th day of July, 2019, the Allegheny County Common Pleas Court's December 29, 2016 order is affirmed.

_____
ANNE E. COVEY, Judge