Catholic Institute of Pittsburgh, Pa., A Pennsylvania Non-Profit Corporation *v.* Board of Property Assessment, Appeals and Review et al. School District of the City of Pittsburgh, Appellant.

Catholic Institute of Pittsburgh, Pa., A Pennsylvania Non-Profit Corporation *v.* Board of Property Assessment, Appeals and Review et al. City of Pittsburgh, Appellant.

Argued November 20, 1980, before Judges Wilkinson, Jr., MacPhail and Williams, Jr., sitting as a panel of three.

*David H. Dille,* Assistant Solicitor, with him *Robert J. Stefanko,* Solicitor, for appellant, School District of the City of Pittsburgh.

*D. R. Pellegrini,* Deputy City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellant, the City of Pittsburgh.

*Ralph H. German, Cooper, German, Kelly & Smith,* with him, *Evan E. Lloyd, John Silvestri,* and *Rev. Adam J. Maida,* for appellee.

OPINION BY JUDGE WILKINSON, JR., December 23, 1980:

It would be difficult to find cases on appeal where the facts are as simple and free from doubt. Since 1975 the appellee has owned and used property which it asserts is exempt from taxation by appellants under

the charitable exemption of Section 204(a)(3) of the General County Assessment Law, Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §5020-204(a)(3). On June 24, 1977 appellee filed an application for exemption with the Board of Property Assessment Appeals and Review. The decisions were filed on September 14, 1977 and February 3, 1978, granting the exemption for 1978 but refusing it for the years 1976 and 1977. The appellee did not appeal.

On August 28, 1978 the appellee brought actions in equity to enjoin the collection of the 1976 and 1977 years' taxes. The properties having been listed for Treasurer's sale, appellee obtained a Stay Order from the trial court. Both parties filed motions for Summary Judgment. The trial court granted appellee's motions and enjoined the appellants from assessing, levying or collecting any taxes on the subject properties for the years 1976 and 1977. We must reverse.

Unfortunately, when the trial court decided this case on December 4, 1979, it did not have the benefit of Judge CRAIG's opinion in *City of Pittsburgh v. Board of Property Assessment Appeals and Review of the County of Allegheny,* 50 Pa. Commonwealth Ct. 25, 412 A.2d 655 (1980). In that case this Court clearly ruled that property owners can be granted exemptions from taxation only on and from the timely filing of an affirmative application for exemption. This being established, it is unnecessary to discuss whether equity has jurisdiction or whether the appellee is charged with laches because of failure to appeal the denial of its applications for exemption, which denial was filed approximately a year before this action in equity was started.[1]

---

[1] The unavailability of an equity proceeding to obtain tax exemption retroactively is ably discussed by Judge CRAIG in *In Re: Petition of Mausoleum Construction Company,* 55 Pa. Commonwealth Ct. 504, 423 A.2d 809 (1980).

548

Accordingly, we will enter the following

ORDER

AND Now, December 23, 1980, the order of the Court of Common Pleas of Allegheny County, In Equity, at General Docket No. 78-20455, dated December 4, 1979, is reversed.