In re ANC RENTAL CORPORATION, et al., Debtors.

ANC Rental Corporation, et al., Plaintiff,

v.

County of Allegheny, Township of Findlay, and West Allegheny School District, Defendants.

Bankruptcy No. 01–11200(MFW). Adversary No. 03–53896.

United States Bankruptcy Court, D. Delaware.

Aug. 3, 2004.

Bell, PA, Roland Gomez, Joseph Grey, Joseph H. Huston Jr., Stevens & Lee, Wilmington, DE, James E. Huggett, Flaster Greenberg, Wilmington, DE, Frank S. Potts, Columbia, SC, Sheldon K. Rennie, Fox, Rothschild, O'Brien & Frankel LL, Wilmington, DE, Thomas G. Whalen, Jr., Stevens & Lee, P.C., Wilmington, DE, Janice M. McAvoy, Fried, Frank, Harns, Shriver & Jocobson, New York City, Kevin J. Connors, Marshall, Dennehey, Warner, Coleman & Goggin, for debtors.

## MEMORANDUM OPINION [1]

MARY F. WALRATH, Chief Judge.

Before the Court is the Motion to dismiss the Debtors' Complaint for lack of jurisdiction and failure to state a claim filed by County of Allegheny, Township of Findlay, and West Allegheny School District (collectively "the Defendants"). For the reasons set forth below, the Motion will be granted.

## I. FACTUAL BACKGROUND

On November 13, 2001, ANC Rental Corporation and its affiliates ("the Debtors") filed a voluntary petition under chapter 11 of the Bankruptcy Code.

On June 12, 2003, the Debtors filed a complaint against the Defendants seeking a determination of tax liability pursuant to section 505. Specifically, the Debtors seek a refund of taxes paid to the Defendants for the years 1992 though 2001. The Debtors assert that the properties owned by them and located at the Pittsburgh International Airport are exempt from property taxes under Pennsylvania law because they are used for a public purpose. The Debtors appealed the tax assessments for those properties for the 2002 tax year. As a result on October 4, 2002, the Board

Don A. Beskrone, Julie L. Compton, Margaret Louise Harrison, Office of the U.S. Trustee, Wilmington, DE, U.S. Trustee.

Elio Battista, Jr., William J. Burnett, Bonnie Glantz Fatell, Jason W. Staib, Elizabeth A. Wilburn, Michael David Debaecke, Mark J. Packel, William J. Burnett, Bonnie Glantz Fatell, Blank Rome LLP, Wilmington, DE, Eric J. Bronstein, Elliot, Reihner, Siedzikowski & Egan, Blue

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

of Property Assessment, Appeals and Review for the County of Allegheny exempted the Debtors' property for tax year 2002 and subsequent years. That decision was appealed by the Defendants. The Debtors sent letters dated October 9, 2002, to the Defendants requesting refunds of the property taxes paid by them for tax years 1992 through 2001. When the refunds were not forthcoming, the Debtors filed this adversary proceeding.

On March 5, 2004, the Defendants filed a Motion to Dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for lack of jurisdiction and failure to state a claim. On March 17, 2003, the Debtors filed a response. On May 10, 2004 a notice of completion of briefing was filed. The matter is ripe for decision.

## II. *DISCUSSION*

### A. *Jurisdiction*

■ The Defendants assert that the Court lacks jurisdiction over the Debtors' claim under section 505. Section 505 states that the Bankruptcy Court may not adjudicate a debtor's tax liability regarding:

(B) any right of the estate to a tax refund, before the earlier of–

(i) 120 days after the trustee *properly requests* such refund from the governmental unit from which such refund is claimed; or

(ii) a determination by such governmental unit of such request.

11 U.S.C. § 505(a)(2)(B) (emphasis added).

■ The Defendants argue that the Debtors have not properly requested a refund under Pennsylvania law. Specifically, they assert that to be exempt from taxation, the property owner must seek that exemption *in advance*. In Pennsylvania, "property owners can be granted ex-

emptions from taxation only on and from the timely filing of an affirmative application for exemption." *Catholic Inst. of Pittsburgh v. Board of Property Assessment, Appeals and Review,* 55 Pa.Cmwlth. 545, 423 A.2d 1114, 1114 (1980) (reversing lower court decision that enjoined the collection of taxes for years prior to date that property owner had sought exemption). "The law is clear that exempt status must be affirmatively requested by the property owner, and is equally clear that the board is without power to grant exemption from assessments not timely appealed." *City of Pittsburgh v. Board of Property Assessment, Appeals & Review,* 49 Pa.Cmwlth. 442, 412 A.2d 655, 658 (1980) (reversing board decision which granted exemption request for 1972 through 1975 because the request for exemption was not made until 1975). Because the Debtors did not seek an exemption until 2002, the Defendants argue that the Debtors are not entitled to application of their tax-exempt status retroactive to 1992.

The Debtors argue that they properly requested the refunds by letters dated October 9, 2002. This, they assert, is all that section 505(a)(2)(B)(i) requires. The Debtors argue that the Defendants' position is premised on procedural requirements of Pennsylvania state law which the Debtors assert are inapplicable. They argue that this Court is only bound by federal procedure and not by state procedure. The Debtors do not, however, cite any authority for this position. They merely point to section 505(a)(1) and note the breadth of the tax issues which the Bankruptcy Court can determine (whether or not previously assessed, paid, contested or adjudicated).

The Debtors' assertion is contrary to binding precedent in this Circuit. The Third Circuit has held that:

In light of the legislative history of § 505(a), the overwhelming case authori-

ty interpreting it as precluding the bankruptcy court from adjudicating claims for refund of taxes that were not seasonably contested in accordance with procedures set out by the taxing authority, and the policy considerations underpinning § 505, we are persuaded that the Bankruptcy Court here did not have jurisdiction to order the City to refund excess payments for those years in which Custom paid the taxes but did not contest them in accordance with [the New Jersey statute]. Accordingly, the overpayments made by Custom for the 1992, 1993, and 1994 tax years cannot be refunded.

*City of Perth Amboy v. Custom Distribution Serv., (In re Custom Distribution Serv.),* 224 F.3d 235, 243–44 (3d Cir.2000).

This case is directly on point and, therefore, we conclude that we do not have jurisdiction to hear the Debtors' request for a tax refund. In this case, the property is located in Pennsylvania. Pennsylvania law establishes that the Debtors are not entitled to an exemption from property taxes unless they seek an exemption prior to the tax assessment. *See, e.g., Catholic Inst. of Pittsburgh,* 423 A.2d at 1114; *City of Pittsburgh,* 412 A.2d at 658. *See also, In re Petition of Mausoleum Construction Co.,* 55 Pa.Cmwlth. 504, 423 A.2d 809, 812 (1980) ("when exemptions have not been timely sought through statutory appeals, the courts have no jurisdiction to reach back over a period of years ... to resurrect the questions. That consequence is salutary because the revenue base of taxing bodies should not be left open indefinitely to a retrospective exemption claim made in a lien proceeding filed ... later than some of the tax years involved.").

In this case, the Debtors admit that they did not seek an exemption until the 2002 tax year. With respect to the tax years 1992 to 2001, the Debtors did not seek an exemption prior to the assessment nor did they appeal the assessments. Thus, they did not properly request the tax refund in accordance with Pennsylvania law. Accordingly, we conclude that we do not have jurisdiction to hear the Debtors' request under section 505(a) and the motion to dismiss under Rule 12(b)(1) will be granted.

B. *Section 505 Relief*

■ Even if we had jurisdiction to hear the Debtors' complaint, the Defendants argue that the Complaint fails to state a claim on which relief can be granted. This argument is premised on the same Pennsylvania law that supports their jurisdictional argument. We agree with the Defendants that Pennsylvania law clearly establishes that exemption from property taxes cannot be granted retroactively. *See, e.g., Catholic Inst. of Pittsburgh,* 423 A.2d at 1114; *Mausoleum Construction Co.,* 423 A.2d at 812; *City of Pittsburgh,* 412 A.2d at 658. Accordingly, we conclude that the Complaint must be dismissed under Rule 12(b)(6) as well.

### III. CONCLUSION

For the reasons set forth above, the Motion to Dismiss filed by the Defendants will be granted.

An appropriate order is attached.

### ORDER

AND NOW this 3d day of August, 2004, upon consideration of the Defendants' Motion to Dismiss and the Debtors' Response thereto and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby

ORDERED that the Motion to Dismiss is GRANTED; and it is further

ORDERED that the adversary proceeding shall be closed.