IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Petition of the Tax Claim : <br>
Bureau of Westmoreland County, PA, : <br>
to Sell Free and Clear the Property of: : <br>
New Creations Family Worship : <br>
Center : <br>
 : <br>
Appeal of: New Creations Family : No. 316 C.D. 2015 <br>
Worship Center : Argued: November 15, 2016

BEFORE: HONORABLE ANNE E. COVEY, Judge <br>
HONORABLE JULIA K. HEARTHWAY, Judge <br>
HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY <br>
SENIOR JUDGE PELLEGRINI FILED: December 6, 2016

New Creations Family Worship Center (New Creations) appeals from the order of the Court of Common Pleas of Westmoreland County (trial court) denying its petition for judicial determination of tax exempt status for tax years 2009 through 2011 for lack of subject matter jurisdiction. We affirm.

**I.**

The property located at 325 Oakland Avenue, Greensburg, Pennsylvania (Property) was conveyed by deed dated June 10, 2008, from United Pentecostal Church of Greensburg (United Pentecostal), now known as New Life Tabernacle of Greensburg, to New Creations. Both United Pentecostal and New Creations are non-

profit corporations. At the time of the transfer, United Pentecostal was exempt from paying property taxes. The deed was recorded on August 14, 2008, and listed the residence of the grantee as 1103 Wingate Drive, Pittsburgh, Pennsylvania, which at that time was the home address of New Creations' pastor, Derrick Johnson (Pastor). Also recorded at the time was a realty transfer tax statement of value (statement of value) with the grantee listed as the Church of Gbg. New Generations Community and a street address of 323 Oakland Avenue, Greensburg, Pennsylvania. The exemption data section of the statement of value listed the amount of exemption claimed as 100% and the claimed exemption was listed as "except per § 91.193(17) between churches."[1] (Reproduced Record (R.R.) at 11a.)

In June 2011, New Creations filed an exemption application with the Westmoreland County Tax Assessment Office (TAO). This was the first exemption application filed for the Property since the sale in June 2008. Following a hearing on September 28, 2011, the Board of Assessment Appeals (Board) granted the real estate tax exemption pursuant to Section 204(a)(1) of the General County Assessment Law[2] which provides an exemption of real estate taxes for "[a]ll churches, meeting-houses, or other actual places of regularly stated religious worship, with the ground thereto annexed necessary for the occupancy and enjoyment of the same. . . ." Accordingly,

---

[1] The mortgage dated June 10, 2008, and recorded on August 14, 2008, stated that it was from New Creations Family Worship Center, a non-profit corporation with its principal office located at 323 Oakland Avenue, Greensburg, Pennsylvania, to New Life Tabernacle of Greensburg, Pennsylvania, a non-profit corporation with its principal office located at P.O. Box 156, New Stanton, Pennsylvania, in the amount of $155,400.00.

[2] Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. § 5020-204(a)(1).

the Board held that the Property was "exempt from real property taxation . . . commencing with the tax year 2012." (R.R. at 225a.) New Creations admittedly failed to file an appeal from that decision, including any appeal as to the lack of a retroactive tax exemption for years 2009 through 2011.

## II.

It is undisputed that New Creations did not pay taxes on the Property for the years 2009 through 2011. On April 12, 2013, the Westmoreland County Tax Claim Bureau (Bureau) filed a petition for judicial sale alleging that the taxes owed on the Property for tax years 2009 through 2011 amounted to $31,618.14. The Bureau also alleged that the Property was owned by New Creations, with a last known mailing address of 1103 Wingate Drive, Pittsburgh. The Property was exposed to public sale at the annual upset sale, but a bid sufficient to pay the upset price was not received. Therefore, the Property was not sold and the Bureau filed a petition in the trial court for judicial sale of the Property. The trial court then entered an order granting a rule to show cause why the Property should not be sold free and clear at a judicial sale. On August 30, 2013, New Creations filed a petition for stay of the judicial sale and leave to answer the rule to show cause, *nunc pro tunc*. The trial court granted a stay of the judicial sale until a determination was made regarding the claimed exemption for tax years 2009 through 2011. Thereafter, New Creations filed a petition for judicial determination of tax exempt status of the church for tax years 2009-2011 (Petition).

At a hearing on New Creations' Petition, Pastor testified that from 2008 until 2011, he did not receive any notices or applications from the TAO to obtain tax

3

exempt status nor did he receive any tax bills at his home. Pastor stated that he never received notice of the tax attachment until he was contacted by a fellow pastor in 2011 who indicated that the Property was listed for tax sale in the local newspaper. At that point, another individual from New Creations filed an application for tax exemption. Pastor testified that prior to this filing he did not know the requirements or procedures necessary to apply to the TAO to "regain" tax exempt status for the Property.

Denyel O'Brien, Assessment Systems Coordinator for the TAO, testified that once a deed transfer occurs and is processed by the TAO, any exemptions on the property are automatically removed, regardless of whether the transferring parties are exempt. A notice is then automatically generated and sent to the record owner of the property indicating that the property was transferred from exempt to taxable. O'Brien testified that the deed transfer of the Property was processed on November 12, 2008, and that five days later a notice was sent to 1103 Wingate Drive indicating that the Property was no longer tax exempt.

In a decision and order dated January 28, 2015, the trial court denied New Creations' Petition for lack of subject matter jurisdiction. Regardless of whether New Creations received notices or applications from the TAO that the status of the Property had changed from exempt to taxable, it is undisputed that New Creations *did* receive notice of the Board's decision concluding that the Property was exempt from taxation commencing with tax year 2012. It is also undisputed that New Creations failed to file an appeal to the trial court from this decision of the Board. Specifically, New Creations never appealed the Board's failure to grant it retroactive

4

tax exempt status for tax years 2009-2011.  Citing to *Catholic Institute of Pittsburgh v. Board of Property Assessment Appeals and Review*, 423 A.2d 1114 (Pa. Cmwlth. 1980), *City of Pittsburgh v. Board of Property Assessment Appeals and Review*, 412 A.2d 655 (Pa. Cmwlth. 1980), and *In re Petition of Mausoleum Construction Company*, 423 A.2d 809 (Pa. Cmwlth. 1980), the trial court held that it lacked jurisdiction because New Creations failed to timely appeal the Board's decision.  This appeal followed.[3]

**III.**

Essentially, New Creations argues that the trial court erred in determining that it lacked subject matter jurisdiction over the Petition due to New Creations' failure to file a timely appeal of the Board's decision.  However, this argument is without merit and the issue is well-established, as noted by the trial court.

In *City of Pittsburgh*, the County of Allegheny purchased two square blocks of land in downtown Pittsburgh in April 1970.  The property was placed in the taxable category in 1971 but the County did not challenge this categorization or file a request for exemption until 1975 when the property was set for sale due to nonpayment of taxes.  The board granted the exemption and exonerated all taxes previously assessed against the property.  The trial court reversed, finding the property was properly subject to taxation.  This Court held that because the County's request for exemption was not filed until 1975, it was timely only as to taxes for 1976

---

[3] Our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law.  *In re Appeal of Borough of Riegelsville from the Bucks County Board of Assessment and Revision of Taxes*, 979 A.2d 399, 402 (Pa. Cmwlth. 2009).

and thereafter. We noted that "[t]he law is clear that exempt status must be affirmatively requested by the property owner, and is equally clear that the board is without power to grant exemption from assessments not timely appealed." 412 A.2d at 658 (citation omitted).

Similarly, in *Petition of Mausoleum Construction Company*, in March 1976, the taxpayer filed a petition to strike tax liens on its property for the years 1946 through 1973. The trial court concluded that the property was entitled to exemption and ordered the liens stricken. We reversed, reasoning as follows:

> According to *City of Philadelphia v. Dougherty*, [] 34 A.2d [918, 920 (Pa. Super. 1943)], '(i)f no appeal is taken from the assessment of taxes within the time allowed by law it becomes binding and conclusive . . . neither the common pleas nor an appellate court can afford any relief.' This holding constitutes a limitation of subject matter jurisdiction. '(T)he timeliness of an appeal goes to the jurisdiction of the body appealed to and its competency to act.' *Coshey v. Beal*, [] 366 A.2d 1295, 1297 ([Pa. Cmwlth.] 1976). *See also Department of Transportation, Bureau of Traffic Safety v. Bower*, [] 410 A.2d 91, 92 ([Pa. Cmwlth.] 1980).
>
> . . . [W]hen exemptions have not been timely sought through statutory appeals, the courts have no jurisdiction to reach back over a period of years, as here, to resurrect the question. That consequence is salutary because the revenue base of taxing bodies should not be left open indefinitely to a retrospective exemption claim made in a lien proceeding filed, as here, decades later than some of the tax years involved.

423 A.2d at 811-12.

Finally, the case of *Catholic Institute of Pittsburgh* has facts almost identical to those presented here. There, the taxpayer owned the property since 1975 but did not file an application for exemption until June 1977. The board granted the exemption for 1978 but refused it for tax years 1976 and 1977, and the taxpayer did not appeal. Rather, in 1978, the taxpayer brought an action in the trial court in equity to stay the sale of the property and enjoin collection of the taxes for years 1976 and 1977. This Court reversed the trial court's grant of taxpayer's motions, stating that "property owners can be granted exemptions from taxation only on and from the timely filing of an affirmative application for exemption." 423 A.2d at 1114 (citing *City of Pittsburgh*).

It is undisputed that New Creations did not file an application for tax exemption for the Property until June 2011. It is also undisputed that New Creations failed to appeal from the Board's decision granting the exemption for tax year 2012 and thereafter. This failure to timely appeal the Board's decision is fatal to New Creations' claim. New Creations cannot raise the issue of an exemption for prior tax years via this equity action. Moreover, New Creations has failed to provide any explanation as to why its Petition regarding tax years 2009 through 2011 should be considered *nunc pro tunc*, beyond the unavailing claim that Pastor was ignorant of the required procedures. For these reasons, we discern no error in the trial court's determination that it lacked subject matter jurisdiction over the Petition.[4]

---

[4] New Creations also argues in its brief to this Court that there was a *de facto* exemption beginning on the first day it used the Property for worship services; that the trial court retains jurisdiction over the tax exemption issue because it still has authority over the judicial sale of the Property; that the TAO failed to provide New Creations with adequate notice that the Property's status had been changed from exempt to taxable; and raises uniformity and equal protection issues. Because of the manner in which we resolve this matter, we do not reach these issues. Moreover, we

**(Footnote continued on next page…)**

Accordingly, the order of the trial court is affirmed.

_____
DAN PELLEGRINI, Senior Judge

_____
**(continued…)**

note that the majority of these issues have been waived as they were not raised in New Creations'
Petition.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Petition of the Tax Claim : 
Bureau of Westmoreland County, PA, : 
to Sell Free and Clear the Property of: : 
New Creations Family Worship : 
Center : 
 : 
Appeal of: New Creations Family : 
Worship Center : No. 316 C.D. 2015

# **O R D E R**

AND NOW, this 6<u>th</u> day of <u>December</u>, 2016, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is hereby affirmed.

_____
DAN PELLEGRINI, Senior Judge