IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia          :
                              :
            v.          : No. 1783 C.D. 2017
                            : Submitted: November 15, 2018
Richard J. Silverberg & Associates, :
P.C. and Richard J. Silverberg,    :
                              :
            Appellants  :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                         FILED: April 4, 2019

Richard J. Silverberg & Associates, P.C. (Law Firm) and Richard J. Silverberg (Silverberg) (collectively, Appellants) appeal from an order of the Court of Common Pleas of Philadelphia County (trial court) denying their motion for judgment of *non pros*, or alternatively, to enjoin enforcement of a default judgment based on the doctrine of laches. We affirm.

The relevant facts are as follows. On March 11, 2008, the City of Philadelphia (City) filed a four-count complaint against Appellants asserting that although Appellants filed tax returns, they failed to fully pay self-assessed business privilege taxes[1] and wage and net profits taxes[2] at various times between 1992 and

---

[1] Section 19-2603(1) of the Philadelphia Code states that "[i]n accordance with the provisions of . . . the First Class City Business Tax Reform Act, [Act of May 30, 1984, P.L. 345,

**(Footnote continued on next page…)**

2004.[3] The City served the complaint upon Appellants' receptionist at the Law Firm on March 28, 2008. Appellants did not file a response. The City then served

---

**(continued…)**

*as amended*, 53 P.S. §§16181–16193,] a tax is hereby imposed upon every person engaging in any business in the [City] beginning with the tax year 1985, and annually thereafter." Phila. Code §19-2603(1). Section 19-2603(3) states that "[a]ny person having an active presence in the City is subject to the tax imposed by this Section," and Section 19-2604 states that "[e]very business shall pay an annual tax on each dollar of annual receipts at the millage rate" stated therein. Phila. Code §§19-2603(3), 19-2604.

[2] Section 19-1502(1)(a) of the Philadelphia Code states that "[a]n annual tax on salaries, wages, commissions and other compensation earned by residents of [the City] is imposed for general revenue purposes for the following periods at the following rates . . . stated therein." Phila. Code §19-1502(1)(a). Additionally, Section 19-1502(1)(b) states, "An annual tax on salaries, wages, commissions and other compensation earned by non-residents of [the City] for work done or services performed or rendered in [the City] is imposed for general revenue purposes for the following periods at the following rates . . . " stated therein. Phila. Code §19-1502(1)(b). Finally, Section 19-1502(1)(c) provides, "The tax imposed under § 19-1502(1)(a) and (b) shall relate to and be imposed upon salaries, wages, commissions, and other compensation paid by an employer or on his behalf to any person who is employed by or renders services to him." Phila. Code §19-1502(1)(c).

Likewise, Section 19-1502(2)(a) states that "[a]n annual tax on the net profits earned in businesses, professions or other activities conducted by residents of [the City] is imposed for general revenue purposes for the following periods at the following rates . . . " stated therein. Phila. Code §19-1502(2)(a). Section 19-1502(2)(b) states that "[a]n annual tax on the net profits earned in businesses, professions or other activities conducted in [the City] by non-residents is imposed for general revenue purposes for the following periods at the following rates . . . ." Phila. Code §19-1502(2)(b). Finally, Section 19-1503(c) provides, "The tax levied under § 19-1502(2)(a) and (b) shall relate to and be imposed on the net profits of any business, profession, or enterprise carried on by any person as owner or proprietor, either individually or in association with some other person or persons." Phila. Code §19-1503(c).

[3] As the trial court has explained:

> In this case, the City is seeking unpaid business privilege and wage taxes. Unlike municipal claims, business privilege and wage taxes are *self-assessed taxes*, which are collected by the City

**(Footnote continued on next page…)**

2

a notice to enter default judgment upon Appellants at the Law Firm on April 21, 2008. Again, Appellants did not file a response. On June 3, 2008, the prothonotary entered a default judgment of $310,586.53[4] at the City's request.[5]

---

**(continued…)**

in cooperation with the Commonwealth of Pennsylvania. Though not required, a claimant may recover self-assessed taxes under the Self-Assessed Tax Lien Act [(Tax Lien Act), Act of December 1, 1959, P.L. 1673, *as amended*, 53 P.S. §§7501-7505,] which implicates a different set of procedures than those required to recover municipal claims.

The [Tax Lien Act] treats a lien filed to enforce a self-assessed claim as though it were a judgment without addressing liability on the underlying tax claim. *See* [Section 4 of the Tax Lien Act, 53 P.S. §7504]. Issues relating to an underlying tax assessment must be raised in a separate appeal of the assessment and "shall not be subject to review in any proceeding on the lien." [Section 5 of the Tax Lien Act, 53 P.S. §7505]. Consequently, a self-assessed tax lien action does not require prosecution of a writ of *scire facias* to judgment. *See* 53 [P.S. §7504(b)] (Self-assessed tax liens "shall be given the effect of a judgment and a writ of execution may issue directly without prosecution to judgment of a writ of *scire facias*.").

*City of Philadelphia v. Wake* (C.P. Phila., July Term 2008, No. 00291, filed December 21, 2018), slip op. at 6 (citations omitted and emphasis in original).

[4] Sections 19-1504(3) and 19-1509 of the Philadelphia Code provide for the imposition of interest, penalties, and costs for improperly reported or unpaid business privilege taxes and wage and net profits taxes. Phila. Code §§19-1504(3), 19-1509.

[5] Section 3 of the Tax Lien Act states, in relevant part:

(a) Any city of the first class . . . may transmit to the prothonotary of its county a certified record of the self-assessed tax of any taxpayer who fails to—

**(Footnote continued on next page…)**

On September 25, 2008, with timely service to Appellants, the City filed two praecipes for writs of attachment with interrogatories, upon garnishees, Commerce Bank and Wachovia Bank, to enforce its judgment against Appellants.[6] Only Commerce Bank submitted answers to the interrogatories. The City subsequently filed praecipes to dissolve the writs of attachment without prejudice

<hr>

**(continued…)**

> (1) Compute and file a self-assessed tax return when required to do so, or
>
> (2) Pay any or all of the declared amount due, or
>
> (3) Compute correctly or understates the amount of the self-assessed tax due.
>
> (b) Every certified record shall contain the name of the taxpayer, his address, the specific self-assessed tax involved, amount of the tax due, penalty and interest thereon, and the year for which the said tax has been levied.

53 P.S. §7503.

[6] Pennsylvania Rule of Civil Procedure (Pa. R.C.P. No.) 3102 states, "a judgment shall be enforced by a writ of execution . . . ." Pa. R.C.P. No. 3103(a) and (e) provides, in relevant part:

> (a) Execution shall be commenced by filing a praecipe for a writ of execution with the prothonotary of any county in which judgment has been entered.
>
> * * *
>
> (e) Upon issuance of the writ the prothonotary shall transmit it directly to the sheriff to whom it is directed or upon plaintiff's request deliver it to the plaintiff or the plaintiff's representative for transmittal.

with Commerce Bank on October 22, 2008, and with Wachovia Bank on November 4, 2008.

The City took no further action from November 4, 2008, until June 3, 2013, when the City filed a suggestion of non-payment to continue its lien.[7] The

---

[7] Section 4 of the Tax Lien Act states, in pertinent part:

(a) The prothonotary shall enter every certified record in a docket maintained in the prothonotary's office . . . .

(b) All certified records shall be a lien upon the real estate of the taxpayer within the county in which such city of the first class . . . is located from the date of entry upon the docket and until paid. The lien shall be given the effect of a judgment and a writ of execution may issue directly without prosecution to judgment of a writ of scire facias . . . .

(c) The lien shall continue for five years and may be revived and continued in the manner now or hereafter provided for revival of judgments, or by the filing of a suggestion of nonpayment and averment of default . . . within each period of five years following—

(1) The date on which the certified record of self-assessed taxes was entered and docketed,

(2) The date on which a petition and rule was filed,

(3) The date on which any judgment on the petition and rule was entered,

(4) The date on which a previous suggestion of nonpayment and averment of default was filed,

(5) The date on which a judgment of revival was obtained thereon.

* * *

**(Footnote continued on next page…)**

City made no further efforts to enforce the judgment until 2017. On March 29, 2017, the City's counsel entered an appearance. In June 2017, the City's counsel wrote a letter to Appellants demanding payment of the judgment and noting that a recommendation would be made to the City to direct the sheriff to levy or seize as much of Appellants' property as was necessary to satisfy the judgment.

On July 16, 2017, Appellants filed a motion for judgment of *non pros* or, in the alternative, to enjoin enforcement of the judgment based on the doctrine of laches. The City filed an answer asserting, *inter alia*, that a motion for *non pros* is not applicable to matters in which judgment has already been entered. On August 23, 2017, the trial court denied Appellants' motion. In its opinion filed in support of its order denying the motion, the trial court explained that the doctrine of *non pros* was inapplicable because the City had already fully prosecuted the case and a judgment on the merits had been entered. The trial court also rejected Appellants' laches argument because, under Section 5529(a) of the Judicial Code,

---

**(continued…)**

> (e) The prothonotary shall docket and index the suggestion and averment directed therein . . . . The filing and indexing of such suggestion and averment within five years of filing the claim . . . or any judgment thereon or the filing of any prior suggestion and averment of default, shall have the same force and effect for the purpose of continuing and preserving the lien of the claim as though a writ of scire facias had been issued or a judgment or judgment of revival had been obtained within such period. It shall be lawful for a writ of scire facias to issue and be prosecuted to judgment in the manner in which such writs are now ordinarily employed. The above described procedures shall be in addition to any other methods of collection that may be or are presently authorized.

53 P.S. §7504(a)-(c), (e).

42 Pa. C.S. §5529(a), the City had 20 years from the date the judgment was entered to execute against Appellants' personal property. Appellants appealed the trial court's order to the Superior Court, which transferred the appeal to this Court.[8] *See* Section 5103(a) of the Judicial Code, 42 Pa. C.S. §5103(a) ("If an appeal . . . is taken to . . . a court . . . which does not have jurisdiction of the appeal or other matter, the court . . . shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal . . . .").

On appeal,[9] Appellants assert that the trial court erred in denying their motion for judgment of *non pros* or to enjoin enforcement of the default judgment

---

[8] Section 762(a)(4)(i)(A) of the Judicial Code vests this Court with exclusive appellate jurisdiction from orders of the trial court in actions where the application, interpretation, or enforcement of any "statute regulating [the] affairs of political subdivisions, municipalit[ies] and other local authorities or other public corporations" is drawn into question. 42 Pa. C.S. §762(a)(4)(i)(A).

[9] By February 23, 2018 Order, this Court directed the parties to address the appealability of the trial court's order denying Appellants' motion in their principal briefs on the merits. Appellants are, in essence, seeking equitable relief to prevent execution of the previously entered default judgment. *See, e.g.*, *Wasson v. McClintock*, 703 A.2d 726, 727 (Pa. Cmwlth. 1997) ("When a party files a petition for a judgment of *non pros*, that party is seeking equitable relief which is based on the equitable doctrine of laches.") (citation omitted). As this Court has explained:

> [E]quity has jurisdiction to protect by injunction property or personal rights when a fundamental question of legal right is involved and when the interests of justice require relief. If a statute sets forth an adequate procedure by which a party may proceed but it is not the exclusive means by which the party may seek relief, a court in its discretion may allow an action in equity. It is an equally accepted principle that a court in which an execution proceeding is pending has the inherent power to stay the proceeding upon legal or equitable grounds, when it is necessary to protect the rights of a party. [Pa. R.C.P. No.] 3121. A court should not stay execution unless the facts of the case warrant such

**(Footnote continued on next page…)**

7

based on the doctrine of laches. However, after reviewing the record, Appellants' brief, and the law, we conclude that the appellate issues have been ably resolved in the thorough and well-reasoned opinion of Judge Daniel J. Anders, and affirm on the basis of his opinion in the matter of *City of Philadelphia v. Richard J. Silverberg & Associates, P.C. and Richard J. Silverberg.* (C.P. Phila., No. 1510 March Term 2008, filed October 24, 2017).

_____
MICHAEL H. WOJCIK, Judge

---

**(continued…)**

>       an exercise of discretion, which judgment requires balancing the
>       rights of the creditor and debtor.

*City of Easton v. Marra*, 862 A.2d 170, 174 (Pa. Cmwlth. 2004) (citations omitted). Thus, the trial court's order denying Appellants' motion in the instant matter is a final, appealable order. *See id.* at 172 n.1 ("The court in which an execution proceeding is pending has an inherent right to stay execution when it is necessary to protect the rights of a party. On review, an appellate court will not disturb a trial court's determination absent a clear abuse of discretion or error of law.") (citations omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia : 
                               : 
             v. : No. 1783 C.D. 2017
                               : 
Richard J. Silverberg & Associates, : 
P.C. and Richard J. Silverberg, : 
                               : 
               Appellants : 

# **O R D E R**

AND NOW, this 4th day of April, 2019, the order of the Philadelphia County Court of Common Pleas dated August 23, 2017, is AFFIRMED.

 

MICHAEL H. WOJCIK, Judge

| | |
|---|---|
| CITY OF PHILADELPHIA,<br><br>                       Plaintiff/Appellee,<br><br>v.<br><br>RICHARD J. SILVERBERG & ASSOCIATES, P.C.<br>AND RICHARD J. SILVERBERG,<br>                       Defendants/Appellants. | 2906 EDA 2017<br><br>Trial Court Case No. 080301510 |

## OPINION

Defendants Richard J. Silverberg & Associates P.C. and Richard J. Silverberg appeal the trial court's order denying Defendants' Motion for Judgment of *Non Pros*, or in the Alternative, to Enjoin Enforcement of the Judgment ("Defendants' Motion"). For the reasons herein, the Superior Court should affirm the trial court's order denying Defendants' Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 11, 2008, Plaintiff, the City of Philadelphia, filed a complaint for unpaid Business Privilege Taxes as well as Wage Taxes owed by Defendants for the years 1992 through 2004. On March 28, 2008, Plaintiff served the complaint (with Notice to Defend within twenty days after service) on a receptionist at Richard J. Silverberg & Associates, PC at 1500 Walnut Street, Suite 1500, Philadelphia, PA. Defendants failed to file Preliminary Objections or an Answer to Plaintiff's complaint.

On April 21, 2008, Plaintiff served a Notice to Enter Default Judgment on Defendants at 1500 Walnut Street, Suite 1500, Philadelphia, PA. Defendants failed to act or respond to the Notice to Enter Default Judgment. Therefore, on June 3, 2008, Plaintiff filed a request for the entry of default judgment, which the Prothonotary entered on the same date.

City Of Phila Vs Richard J Silverberg&Associ-OPFLD



0803015100028

On June 3, 2013, after making several unsuccessful attempts to execute judgment against both Defendants, Plaintiff filed a Suggestion of Non Payment for the entire Default Judgment amount.

On July 16, 2017, Defendants filed their Motion for Judgment of *Non Pros*, or in the alternative, to Enjoin Enforcement of the Judgment, which the trial court denied on August 23, 2017. On August 31, 2017, Defendants filed this timely appeal to the Superior Court.

DISCUSSION

On appeal, Defendants claim the trial court erred when the trial court denied Defendants' Motion because (1) Plaintiff's inactivity from the fall of 2008 until June 2017 constituted a lack of due diligence and failure to proceed with reasonable promptitude, (2) Plaintiff lacked a compelling reason for the delay, (3) the delay caused actual prejudice to Defendants, and (4) the laches doctrine barred enforcement of the judgment.[1] *See* Statement of Matters Complained of on Appeal, at 2-3.

1.   The Trial Court Properly Denied Defendants' Motion Because Plaintiff Timely Prosecuted the Complaint to a Final Default Judgment, and Plaintiff May Execute Upon the Default Judgment Until June 2028

Under Pennsylvania Rule of Civil Procedure 1037, if a plaintiff does not begin an action with a complaint, a defendant may request the prothonotary to enter a rule upon the plaintiff to file a complaint. *See* Pa.R.C.P. No. 1037(a). If a plaintiff does not file a complaint within twenty days after a defendant has served the rule on a plaintiff, the defendant may request the prothonotary to enter a judgment of *non pros*. *Id.*

A court may properly enter a judgment of *non pros* when a defendant in the proceeding has shown that (1) the plaintiff has exhibited a lack of due diligence in failing to proceed with

---

[1] Defendants also claim that the trial court erred because Plaintiff improperly used the 20 year statute of limitation for enforcement or collection of judgments, *see* Statement of Matters Complained of on Appeal, at 2-3, but that claim of error was never presented in Defendants' Motion to the trial court. As such, it is waived on appeal. **[cite]**

-2-

reasonable promptitude, (2) the plaintiff has no compelling reason for the delay, and (3) the delay (attributable only to the plaintiff) has caused actual prejudice to the defendant. *Jacobs v. Halloran*, 710 A.2d 1098, 1103 (Pa. 1998). If the plaintiff failed to prosecute his or her action within a reasonable time, the lower court has the discretion to determine whether or not to grant a motion for judgment of *non pros. Id.* at 1101. "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Belleville v. David Cutler Group*, 118 A.3d 1184, 1195 (Pa. Commw. Ct. 2015).

Here, the concept of *non pros* is wholly inapplicable because Plaintiff already fully prosecuted their complaint including obtaining a default judgment against Defendants. Plaintiff filed and served their complaint, served Notice of Entry of Default Judgment, and requested entry of default judgment against Defendants, which the prothonotary entered. Defendants never filed Preliminary Objections or an Answer to Plaintiff's complaint, nor did they respond to the Notice of Entry of Default Judgment. Thus, Defendants' Motion for Judgment of *Non Pros* is wholly without merit because Plaintiff has already expeditiously and diligently litigated their case to a final judgment and disposition.

Similarly, Defendants' alternative request to enjoin enforcement of the judgment is also wholly without merit as Plaintiff has a statutory right to execute upon its judgment within 20 years of its entry, or until June 2028. *See* 42 Pa.C.S. § 5529(a) ("execution against personal property must be issued within 20 years after the entry of the judgment upon which the execution is to be issued"). It is irrelevant whether Plaintiff failed to executed on its the default judgment over the last nine years for purposes of a motion for judgment for *non pros* or to stay enforcement of the judgment because (1) the judgment was already entered in favor of Plaintiff

-3-

and against Defendants, and (2) Plaintiff has 20 years to execute on its judgment. Therefore, Defendants' Motion was entirely without merit, and the trial court not err in denying the motion.

CONCLUSION

Based on the foregoing, the Superior Court should affirm the trial court's denial of Defendants' Motion for Judgment of *Non Pros*, or in the Alternative, to Enjoin Enforcement of the Judgment.

BY THE COURT:

DANIEL J. ANDERS, JUDGE
Dated: October 24, 2017